UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBI GRILO and
PIERRE GRILO,

        Case No. 2:24-cv-1113-KCD-NPM

      Plaintiffs,

    v.

RECLAIMED WOODS OF THE
WORLD, INC.,

      Defendant,

                                /

## ORDER

Plaintiffs Debi and Pierre Grilo hired Defendant Reclaimed Woods of the World, Inc. to build a deck at their home. The material used turned out to be a bad fit, causing the home significant damage. The Grilos now sue Reclaimed Woods to recoup their losses.

Recently, Reclaimed Woods has been missing in action. It failed to comply with the Court's discovery order and has ignored the most recent show cause order. As explained below, the Court sanctions Reclaimed Woods by rendering a default judgment against it on the Grilos' breach-of-contract claim. Damages will be determined after an evidentiary hearing. This case's remaining claims are **DISMISSED** and the Grilos' Motion for Summary Judgment (Doc. 65) is **DENIED AS MOOT**.

## I. Background

Reclaimed Woods was hired "to select and provide a suitable decking material for installation" at the Grilos' home. (Doc. 1 ¶ 6.)[1] It recommended using "thermally modified oak" and said this material "was of high quality, durability, and suitable for the" home. (*Id.* ¶ 7.) Trusting its advice, the Grilos paid Reclaimed Woods "$113,893.26" for the decking material and its installation. (*Id.* ¶ 8.)

This turned out to be a colossal failure. The decking material "expand[ed] when exposed to weather," "cut into and damaged the [home's] waterproof barrier," and "required the waterproofing be repaired." (*Id.* ¶ 11.) In all, the Grilos claim this will cause them roughly "$275,000 in replacement and repair costs." (*Id.* ¶ 17.)  They now sue Reclaimed Woods for breach-of-contract, unjust enrichment, and negligence. (*Id.*)

Reclaimed Woods has basically bailed on this case. It never responded to the Grilos' motion to compel discovery requests and for sanctions. (Doc. 58, Doc. 61, Doc. 65.) It ignored the Court's subsequent order directing Reclaimed Woods to serve that requested discovery. (Doc. 61; Doc. 67.) And it has bypassed the Court's order directing it to "show cause why it should not be defaulted for failing to comply" with that discovery order. (Doc. 67.) Finally,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Reclaimed Woods has offered no opposition to the Grilos' summary judgment motion.

## II. Discussion

Federal Rule of Civil Procedure 37 grants courts broad leeway "to fashion appropriate sanctions for violation of discovery orders." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *see also United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997). It gives courts a "number of options," including entering a default judgment against the disobedient party. *Stansell v. Revolutionary Armed Forces of Colombia*, 120 F.4th 754, 763 (11th Cir. 2024); Fed. R. Civ. P. 37(b)(2)(A)(vi). "The default judgment is the most awesome weapon in the Rule 37 arsenal." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985). But before that weapon can be wielded, three boxes must be checked.

First, no lesser sanction can be available. *Stansell*, 120 F.4th at 763; *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379 (11th Cir. 2024). Default judgment "is appropriate only as a last resort." *Malautea*, 987 F.2d at 1542. So if any milder medicine would ensure compliance with the court's orders, default judgment is improper. *Cf. Hornady*, 118 F.4th at 1378; *Savage v. Henry Cnty. Sch. Dist.*, No. 23-13771, 2024 WL 2761768, at *1 (11th Cir. May 29, 2024).

3

Second, the party's disobedience needs to have been willful or done in bad faith. *Stansell*, 120 F.4th at 763. "[W]illfullness generally connotes intentional action taken with at least callous indifference for the consequences.*" Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1555 (11th Cir. 1996). And "[b]ad faith may be found through delaying or disrupting the litigation or hampering enforcement of a court order." *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, 2017 WL 3584906, at *3 (M.D. Fla. July 21, 2017). But "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment[.]" *Malautea*, 987 F.2d at 1542.

And third, there must be "a sufficient basis in the pleadings for the judgment entered." *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."). "While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). Courts thus look for whether the "complaint contains sufficient matter, accepted as true, to state a claim for relief[.]" *Id.*; *see also Marcelle v. Am. Nat. Delivery, Inc.*, No. 3:09-CV-82-J-34MCR, 2010 WL 1655537, at *5 (M.D.

4

Fla. Apr. 23, 2010); *Paz v. Salsas of Titusville Corp.*, No. 6:22-CV-834-RBD-LHP, 2025 WL 1385063, at *3 (M.D. Fla. Apr. 23, 2025) ("[I]f the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry."). This standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* "If a plaintiff has not stated a plausible claim for relief," that claim should be dismissed. *Alternative Materials, LLC v. Monroe*, No. 5:20-CV-239-AW/MJF, 2023 WL 2410928, at *6 (N.D. Fla. Jan. 23, 2023).

Check, check, and check. Reclaimed Woods has ignored the Court's discovery order and disregarded its show cause order. The Court cannot imagine how any lesser sanction would prod Reclaimed Woods into suddenly complying with its orders. *See Pickett v. Exec. Preference Corp.*, No. 605CV-1128-ORL-31DAB, 2006 WL 2947844, at *2 (M.D. Fla. Oct. 16, 2006); *Avila-Gonzalez v. Barajas*, No. 204CV567FTM33DNF, 2005 WL 8159478, at *2 (M.D. Fla. Nov. 10, 2005); *Kearney Mach. & Supply Inc. v. Shenyang Mach. Tool Co.*, No. 2:19-CV-1828-ACA, 2022 WL 2496199, at *4 (N.D. Ala. July 6, 2022). And Reclaimed Woods's continued radio silence signals that it is acting willfully and in bad faith. *See Pharma Funding, LLC v. FLTX Holdings, LLC*, No. 20-21103-CIV, 2020 WL 8084174, at *3 (S.D. Fla. Dec. 28, 2020) ("[W]here parties are given multiple opportunities to comply with court orders and fail to do so – the actions are no longer negligence, a

misunderstanding, or an inability to comply, but actions that are deliberate and intentional."); *Huang v. Chen*, No. 22-CV-60354, 2023 WL 6376703, at \*3 (S.D. Fla. Sept. 14, 2023) ("Given his failure to respond and/or comply with the Court's Orders, the Court finds Defendant Chen's conduct is willful and in bad faith.").

Finally, the Grilos' breach-of-contract claim is plausibly pled. Since we're here on diversity jurisdiction, the Court applies Florida substantive law. *E.g.*, *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011). Under Florida law, a breach-of-contract claim requires (1) a valid contract; (2) a material breach; and (3) damages. *E.g.*, *Cole v. Plantation Palms Homeowners Ass'n, Inc.*, 371 So. 3d 413, 415 (Fla. Dist. Ct. App. 2023).

The Grilos allege that Reclaimed Woods "entered into an agreement for the selection, suitability, and installation of the Decking Material." (Doc. 1 ¶ 21.) They insist that Reclaimed Woods was timely paid before selecting and installing *un*suitable material. (*Id.* ¶¶ 10-11, 25.) And they claim this caused them to "incur approximately $275,000 in replacement and repair costs." (*Id.* ¶¶ 17, 26.) So the Grilos' breach-of-contract claim checks out. *See, e.g.*, *Silk Way W. Airlines, LLC. v. Intrepid Aerospace, Inc.*, No. 2:23-CV-82-JES-NPM, 2023 WL 3791465, at \*3 (M.D. Fla. June 2, 2023).

Their unjust enrichment and negligence claims do not, however. It is well-settled that a plaintiff cannot pursue an unjust enrichment claim if a

6

valid contract exists. *Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*, 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011) ("[U]njust enrichment may only be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid."); *Ferretti v. Nova Se. Univ., Inc.*, 604 F. Supp. 3d 1330, 1338 (S.D. Fla. 2022) ("[A] party may recover under an unjust enrichment theory only when there is no valid express or implied-in-fact contract."); *cf. Baron v. Osman*, 39 So. 3d 449, 451 (Fla. Dist. Ct. App. 2010) ("If no express or implied-in-fact contract exists, a party may recover under quasi-contract. . . . which is synonymous with unjust enrichment[.]"). Since the Grilos claim they had a valid contract with Reclaimed Woods, their unjust enrichment claim must be excluded—they cannot recover the same damages twice. *See, e.g.*, *Doral Collision Ctr., Inc. v. Daimler Tr.*, 341 So. 3d 424, 429 (Fla. Dist. Ct. App. 2022); *Shamy v. Shovel Ready Projects, LLC*, No. 4D2024-2411, 2026 WL 816141, at *2 (Fla. Dist. Ct. App. Mar. 25, 2026) ("A party cannot pursue an implied contract theory, such as unjust enrichment, if an express contract exists concerning the same subject matter."); *Scott v. Acuity Real Est. Servs., LLC*, 359 So. 3d 881 (Fla. Dist. Ct. App. 2023) ("Because [appellee] proved the existence of a contract with [appellant] for the fee, we reverse to the extent the trial court also found [appellant] liable on an unjust-enrichment theory.").

7

Their negligence claim hits the same wall. "[A] breach of contract, alone, cannot constitute a cause of action in tort[.]" *Elec. Sec. Sys. Corp. v. S. Bell Tel. & Tel. Co.*, 482 So. 2d 518, 519 (Fla. Dist. Ct. App. 1986); *see also Weimar v. Yacht Club Point Ests., Inc.*, 223 So. 2d 100, 103 (Fla. Dist. Ct. App. 1969) ("[I]t has been frequently declared to be a rule that no cause of action in tort can arise from a breach of a duty existing by virtue of contract[.]"). Only "where a breach of contract is combined with some other conduct amounting to an independent tort [can] the breach can be considered negligence." *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 947 (11th Cir. 2014).

The Grilos do not allege that Reclaimed Woods violated any extracontractual duty. Their negligence claim is anchored solely by what Reclaimed Woods owed them under their agreement. (*See* Doc. 1 ¶¶ 34-36.) And they are mum on whether Reclaimed Woods owed them any larger societal duty. *Cf. McAbee Constr., Inc. v. Textron Aviation Inc.*, No. 8:24-CV-01530-WFJ-CPT, 2024 WL 4518557, at *4 (M.D. Fla. Oct. 17, 2024). This claim thus lacks any independent tort and also cannot proceed. *See, e.g.*, *Mika v. Rollins Coll.*, No. 6:25-CV-1110-JSS-RMN, 2026 WL 679128, at *11 (M.D. Fla. Mar. 11, 2026).

That leaves us with damages. "[D]amages for a default judgment may not be entered without an evidentiary hearing unless the amount claimed is a

8

liquidated sum or one capable of mathematical calculation." *Baumann v. Bank of Am., N.A.*, 734 F. App'x 664, 671 (11th Cir. 2018); *see also Organizacion Miss Am. Latina, Inc. v. Urquidi*, 712 F. App'x 945, 948 (11th Cir. 2017). Put differently, no evidentiary hearing on damages is needed where "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Marcelle*, 2010 WL 1655537, at *6 ("[W]here the record is sufficient, a court may be able to determine damages without a hearing.").

The Grilos seek reimbursement of their repair and replacement costs. Yet they seemingly concede that they haven't yet been able to nail down their damages to a precise figure. (*See* Doc. 65 at 1, 3, 14.) An evidentiary hearing is therefore necessary. *See Baumann*, 734 F. App'x at 671.

### III. Conclusion

In sum, Reclaimed Woods's defiance of the Court's orders warrants its default. It's been given ample opportunity to comply but has simply vanished. The Court therefore enters a default judgment against Reclaimed Woods on the Grilos' breach-of-contract claim under Rule 37 and the Court's inherent authority. This matter is referred to the assigned magistrate judge to take evidence and hear argument as to damages and issue a report and recommendation on appropriate relief. All remaining claims are

9

**DISMISSED** and the Grilos' motion for summary judgment (Doc. 65) is

**DENIED AS MOOT**. **ORDERED** in Fort Myers, Florida on April 10, 2026.

Kyle C. Dudek
United States District Judge

10